IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| ROBERT CHRIS CLEVELAND,  :<br>:<br>Petitioner  :<br>:<br>VS.  :<br>:<br>:<br>RALPH KEMP, Warden, and  :<br>THURBERT BAKER, Atty General,  :<br>:<br>Respondents  : | <br><br><br><br><br><br>NO. 7:05-CV-84(HL)<br><br>Proceedings Under 28 U.S.C. § 2254<br>Before the U.S. Magistrate Judge |

**RECOMMENDATION**

The petitioner herein filed this habeas corpus action pursuant to 28 U.S.C. § 2254, naming as respondents both the warden of the institution where he is presently confined and the Attorney General for the State of Georgia, Thurbert E. Baker. A review of the petition reveals that the petitioner is in custody pursuant to a Georgia conviction, that his claims for relief challenge this state court conviction, and that he is not in the custody of respondent Baker.

Pursuant to Rule 2(a) of the Rules Governing § 2254 Cases, in a petition for habeas relief filed by an applicant presently in custody pursuant to the state judgment in question, "the state officer having custody of the applicant shall be named as respondent." The rules require the petitioner to name the attorney general of the state imposing judgment as a respondent only if the petitioner is not presently in custody pursuant to the state judgment which he is attacking but pursuant to which he may be subject to future custody. *See* Rule 2(b) of the Rules Governing § 2254 Cases.

Inasmuch as the petitioner is presently in custody pursuant to the state judgment which he is attacking and the Attorney General for the State of Georgia does not have custody of the petitioner, Thurbert E. Baker is not a proper respondent in this case. ***See West v. State of Louisiana***, 478 F.2d

1026, 1029 n.1 (5th Cir. 1973) ("Though the State as well as the warden may be said to have 'custody' over state prisoners, courts have long held that in habeas corpus cases the warden, as immediate custodian, is the only proper respondent."). Accordingly, it is the **RECOMMENDATION** of the undersigned that Thurbert E. Baker be **DISMISSED WITH PREJUDICE** as a party respondent in this matter.

Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to this recommendation with the District Judge to whom this case is assigned within ten (10) days after being served with a copy of this order.

**SO RECOMMENDED**, this 2nd day of August, 2005.

/s/ Richard L. Hodge
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE