IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

ROBERT CHRIS CLEVELAND,      :
                                         :

          Petitioner             :

                                         :

      VS.                     :     **7 : 05-CV-84 (HL)**

                                       :

RALPH KEMP, Warden,         :

                                       :

                                       :

         Respondent.          :

_____

### RECOMMENDATION

Presently pending in this § 2254 action is the respondent's Motion to Dismiss the petition as untimely.  The respondent contends that the petitioner filed this federal habeas petition after the running of the one-year statute of limitations imposed by the Anti-Terrorism and Effective Death Penalty Act ("AEDPA").  The petition was filed on June 29, 2005

Pursuant to the AEDPA, which became effective on April 24, 1996, and is codified at 28 U.S.C. § 2241 et seq, a one-year statute of limitations applies to federal habeas petitions, running from the latest of several events.  Section 2241(d)(1)(A) requires a prisoner to file a habeas petition within one year of "the date on which the [state court] judgment [of conviction] became final by the conclusion of direct review or the expiration of the time for seeking such review".   The Act further provides that "[t]he time during which a properly filed application for state post-conviction or other collateral review . . . is pending shall not be counted toward any period of limitation under this subsection." § 2244 (d)(2).

The petitioner pled guilty to statutory rape in the Superior Court of Irwin County on August 3, 2001.  On August 23, 2001, petitioner was sentenced to twenty (20) years, to serve seven (7) in

prison and the balance on probation.  The petitioner did not pursue a direct appeal.  On February 21, 2003, the petitioner filed a state habeas petition in the Superior Court of Tattnall County.  As of September 29, 2005, that matter remained pending.

A review of the record herein reveals that the filing of this federal habeas petition was clearly untimely, and that the tolling provision of § 2244(d)(2) does not protect the petitioner. The petitioner did not file a direct appeal of his conviction, making it final on or about September 22, 2001, the date on which the 30-day period for filing a notice of appeal expired.  Pursuant to 28 U.S.C. § 2244(d), the petitioner had one year from September 22, 2001, in which to file this federal petition, or toll the limitations period by filing a state habeas petition.  The petitioner's state habeas petition was not filed until February 21, 2003, and this federal petition was not filed until June 29, 2005.  The petitioner has not disagreed with the respondent's contentions, but has moved for this matter to be dismissed without prejudice.

Based on the petitioner's untimely filing of this federal petition, it is the recommendation of the undersigned that the respondent's Motion to Dismiss be **GRANTED** and that this matter be dismissed with prejudice.  It is further recommended that the petitioner's Motion to Dismiss this petition without prejudice be **DENIED**.  Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable Hugh Lawson, United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED**, this 22nd day of May, 2006.


/s/   **Richard L. Hodge**_____
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE


asb

2